### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| PNC EQUIPMENT FINANCE, LLC, a Delaware limited liability company, successor to PNCEF, LLC, an Indiana limited liability company f/k/a National City Commercial Capital Company, LLC, | ) ) ) ) ) ) | |
| Plaintiff, | ) ) | CIVIL NO. 12-722-GPM |
| vs. | ) ) | |
| SIDNEY E. LILES d/b/a THE DREAM SHIP and CARRIE LILES, individually | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court *sua sponte* on the issue of federal subject matter jurisdiction. *See Foster v. Hill,* 497 F.3d 695, 696-97 (7th Cir. 2007) ("It is the responsibility of a court to make an independent evaluation of whether subject matter jurisdiction exists in every case."); *Johnson v. Wattenbarger*, 361 F.3d 991, 992 (7th Cir. 2004) (a district court's "first duty in every suit" is "to determine the existence of subject-matter jurisdiction").

Plaintiff, PNC Equipment Finance, LLC ("PNC") filed the instant action for breach of lease, breach of guaranty, and replevin (Doc. 2). Plaintiff brings this action on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(A)(1) (Doc. 2, ¶ 4). However, Plaintiff's jurisdictional allegations are *woefully* deficient.

The exercise of federal subject matter jurisdiction in diversity requires generally, of course, that the parties to a case be of diverse state citizenship and that an amount in excess of $75,000,

exclusive of interest and costs, be in controversy.  *See* 28 U.S.C. § 1332(a)(1); *LM Ins. Corp. v. Spaulding Enters. Inc.*, 533 F.3d 542, 547 (7th Cir. 2008).  "For a case to be within the diversity jurisdiction of the federal courts, diversity must be 'complete,' meaning that no plaintiff may be a citizen of the same state as any defendant."  *Fidelity & Deposit Co. of Md. v. City of Sheboygan Falls*, 713 F.2d 1261, 1264 (7th Cir. 1983).

Here, Plaintiff is a "Delaware limited liability company" with its principal offices located in Cincinnati, Ohio (Doc. 2, ¶ 1).  However, it is well settled in the Seventh Circuit that limited liability companies are citizens of every state of which any member is a citizen. *Belleville Catering Co. v. Champaign Mkt. Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003).

Plaintiff also alleges Defendants' citizenship upon "information and belief" (Doc. 2, ¶ 4-5). Allegation based upon "information and belief" are insufficient to establish subject matter jurisdiction.  *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) (per curiam). Additionally, Plaintiff alleges that Defendants Sidney and Carrie Liles are residents of Illinois (Doc. 2).  However, an allegation of "residence" as opposed to "citizenship" is insufficient.  *See Pollution Control Industries of America, Inc. v. Van Gundy,* 21 F.3d 152, 155 (7th Cir. 1994)

"[S]ubject matter jurisdiction must be a matter of certainty and not of probabilities (however high)."  *Murphy v. Schering Corporation*, 878 F. Supp. 124, 125-26 (N.D. Ill. 1995).  Accordingly, Plaintiff is **ORDERED** file an amended complaint that corrects the defects in its pleading of the Court's subject matter jurisdiction.  Plaintiff must correctly plead its own citizenship and the citizenship of every named Defendant.  Plaintiff's amended complaint shall be filed not later than **August 30, 2012**.

**IT IS SO ORDERED.**
DATED: August 15, 2012          /s/ *G. Patrick Murphy*
                                              G. PATRICK MURPHY
                                              United States District Judge