IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PNC EQUIPMENT FINANCE, LLC, a Delaware limited liability company, successor to PNCEF, LLC, an Indiana limited liability company f/k/a National City Commercial Capital Company, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>SIDNEY E. LILES d/b/a THE DREAM SHIP and CARRIE LILES, individually<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) CIVIL NO. 12-722-GPM<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

This matter is before the Court *sua sponte* on the issue of federal subject matter jurisdiction. *See Foster v. Hill,* 497 F.3d 695, 696-97 (7th Cir. 2007) ("It is the responsibility of a court to make an independent evaluation of whether subject matter jurisdiction exists in every case."); *Johnson v. Wattenbarger*, 361 F.3d 991, 992 (7th Cir. 2004) (a district court's "first duty in every suit" is "to determine the existence of subject-matter jurisdiction").

Plaintiff, PNC Equipment Finance, LLC ("PNC") filed the instant action for breach of lease, breach of guaranty, and replevin (Doc. 2). Plaintiff brings this action on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(A)(1) (Doc. 2, ¶ 4). However, a review of Plaintiff's complaint reveals certain flaws in the jurisdictional allegations.

The exercise of federal subject matter jurisdiction in diversity requires generally, of course, that the parties to a case be of diverse state citizenship and that an amount in excess of $75,000,

exclusive of interest and costs, be in controversy. *See* 28 U.S.C. § 1332(a)(1); *LM Ins. Corp. v. Spaulding Enters. Inc*., 533 F.3d 542, 547 (7th Cir. 2008). "For a case to be within the diversity jurisdiction of the federal courts, diversity must be 'complete,' meaning that no plaintiff may be a citizen of the same state as any defendant." *Fidelity & Deposit Co. of Md. v. City of Sheboygan Falls*, 713 F.2d 1261, 1264 (7th Cir. 1983).

On August 15, 2012, the Court ordered Plaintiff to file an amended complaint (Doc. 9). Plaintiff's initial complaint included several flaws such as incorrectly pleading its own citizenship (*See* Docs. 2, 9). It is well settled in the Seventh Circuit that limited liability companies are citizens of every state of which any member is a citizen. *Belleville Catering Co. v. Champaign Mkt. Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003). Plaintiff made its jurisdictional allegations upon "information and belief" (Doc. 2), which is insufficient to establish federal subject matter jurisdiction. *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) (per curiam). Finally, Plaintiff pleaded the "residence" as opposed to the "citizenship" of Defendants (Doc. 2), which is also insufficient to establish federal subject matter jurisdiction. *See Pollution Control Industries of America, Inc. v. Van Gundy,* 21 F.3d 152, 155 (7th Cir. 1994)

Plaintiff's amended complaint corrects the flaws identified by the Court in the August 15th Order. However, Plaintiff's amended complaint reveals that the sole member of PNC, is a "national banking association" that has its main offices in Pittsburgh, Pennsylvania (Doc. 10).

For purposes of federal diversity jurisdiction, the citizenship of a national banking association is determined by reference to both the national banking association's principal place of business and "the state listed in its organization certificate." *Firstar Bank, N.A. v. Faul*, 253 F.3d 982, 994 (7th Cir. 2001) (citing 28 U.S.C. § 1348). *See also Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d

346, 348 (7th Cir. 2006); *Deutsche Bank Nat'l Trust Co. v. King*, Civil No. 10-331-GPM, 2010 WL 1874472, at *1 (S.D. Ill. May 7, 2010). The principal place of business of an organization means, in turn, the state where the organization maintains its headquarters or "nerve center." *See Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192-95 (2010); *Wachovia Bank v. Schmidt*, 546 U.S. 303, 317 n.9 (2006); *Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986).

"[S]ubject matter jurisdiction must be a matter of certainty and not of probabilities (however high)." *Murphy v. Schering Corporation*, 878 F. Supp. 124, 125-26 (N.D. Ill. 1995). Accordingly, Plaintiff is **ORDERED** to file an amended complaint that corrects the defects in its pleading of the Court's subject matter jurisdiction. Plaintiff must correctly plead its own citizenship **on or before September 25, 2012**.

If Plaintiff fails to file an amended complaint in the manner and time prescribed or if, after reviewing it, the Court finds that Plaintiff cannot establish federal subject matter jurisdiction, the Court will dismiss the action for lack of jurisdiction. *See Guaranty Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996) (remanding case because "[l]itigants who call on the resources of a federal court must establish that the tribunal has jurisdiction, and when after multiple opportunities they do not demonstrate that jurisdiction is present, the appropriate response is clear"); *see also Belleville Catering Co.*, 350 F.3d at 692 ("Once again litigants' insouciance toward the requirements of federal jurisdiction has caused a waste of time and money.").

**IT IS SO ORDERED.**
DATED: September 18, 2012

/s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge